[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO OPEN JUDGMENT
On her law day, June 11, 2000, the defendant moved to open a judgment of foreclosure entered on April 24, 2000. The grounds for the motion are that the defendant never received notice of any of the plaintiffs pleadings or the judgment itself. The court opened the judgment on July 11 subject to review of our Supreme Court's opinion in Farmers and MechanicsSavings Bank v. Sullivan, 216 Conn. 341 (1990).
While the court agrees with the plaintiff's reading of the Sullivan case and on that basis would be constrained to reverse itself, the facts uncovered subsequent to the argument on the motion compel a contrary result.
An examination of the file reveals that the defendant appeared prose on December 27, 1999 and set forth her address as 850 Atlantic Street, Unit 509 Bridgeport, Connecticut 06604-5275. The return of service on the summons and complaint reveals that abode service was made on the defendant at that address while the face page of the summons recites the CT Page 9237 defendant's address as 26 Stone Street; Stamford, Connecticut 06902. Each and every pleading filed by the plaintiff including the notice of judgment certifies service to the defendant at the Stamford address.
Inquiry of the office of the Clerk of the Court reveals that the systems computer never properly coded in the defendant's appearance; consequently she has never received notice of any of the proceedings from the court. It is axiomatic that the right to move to open a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. Nothe v. Nothe,18 Conn. App. 589, 595 (1989). The court finds that because the defendant had no notice of the judgment, the judgment was ineffective as to her and must therefore be opened and vacated.
So Ordered.
BY THE COURT,
Mottolese, Judge